Filed 8/3/26  P. v. Gutierrez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B349665 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA130374) |
| v. | |
| VALENTINO GUTIERREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joan M. Chrostek, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Julie A. Harris, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Valentino Gutierrez (defendant) appeals from the trial court's judgment executing a previously imposed but suspended upper-term prison sentence of three years. Defendant argues that the upper-term sentence was unlawful because the People neither pled nor proved any aggravating circumstance justifying the upper term. This argument ignores the record, which shows that the People pled, and defendant admitted, an aggravating circumstance. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

On May 9, 2022, defendant got into an argument with his neighbors, left the scene, and returned with a shotgun, which he proceeded to point at them.

### II. Procedural Background

#### A. *Charging, plea, and initial sentencing*

Because defendant had previously sustained convictions in 1992 for soliciting murder (Pen. Code, § 653f, subd. (b)),[1] in 1995 for being an accessory after the fact (§ 32), and in 1997 for robbery (§ 211), the People charged defendant with (1) being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and (2) unlawful possession of ammunition (§ 30305, subd. (a)(1)). The

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

People further alleged that the 1992 and 1997 convictions constituted "strikes" within the meaning of our Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and that defendant "has served a prior term in prison and county jail . . . within the meaning of California Rules of Court Rule 4.421(b)(3)."

In September 2024, defendant entered a no contest plea to the felon in possession charge and "admit[ted the] allegation that he has served a prior term in prison and county jail . . . within the meaning of California Rule of Court Rule 4.421(b)(3)." The court placed defendant on two years of formal probation, including 365 days in the county jail. The People dismissed the ammunition charge and the strike allegations. At the plea colloquy, defendant was explicitly advised that, in light of his plea and admission to the prior prison term allegation, he could be "sent to state prison for up to three years" if he violated the terms of his probation.

### B.    *First violation of probation*

On August 13, 2025, defendant admitted violating the terms of his probation. The court imposed but suspended execution of an upper-term three-year sentence, and placed defendant on probation with a requirement that he attend the New Beginnings program.

### C.    *Second violation of probation and execution of sentence*

After defendant was transported to New Beginnings but walked out without enrolling, the trial court at an October 6, 2025 hearing found defendant to be in violation of the terms of his probation. The court then lifted the suspended execution of the previously imposed three-year sentence, and sentenced defendant to three years in prison.

3

**D.** *Appeal*

Defendant timely filed this appeal.

## DISCUSSION

Defendant argues that the trial court erred in imposing an upper-term sentence without requiring the People to allege and prove an aggravating circumstance. We reject this argument.

On or after January 1, 2022, a trial court is permitted to impose an upper-term sentence for any crime with a sentencing triad only if certain aggravating factors—including, as pertinent here, those enumerated in California Rules of Court, rule 4.421(b)—are (1) pled in the charging document, and (2) either (a) proven beyond a reasonable doubt to a jury or to a judge in a court trial, or (b) stipulated to by the defendant. (§ 1170, subd. (b)(2)-(3); *People v. Lynch* (2024) 16 Cal.5th 730, 748; *People v. Gonzalez* (2026) 118 Cal.App.5th 926, 929-930.)

The trial court complied with this statutory mandate in this case. The information explicitly charged defendant with the aggravating factor, set forth in California Rules of Court, rule 4.421(b)(3), of having "served a prior term in prison or county jail," and defendant explicitly admitted that this allegation was true during his plea colloquy.

There was accordingly no error, and we affirm.

4

# DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.

HOFFSTADT


We concur:


_____, J.

MOOR


_____, J.

KIM (D.)


5